## Montgomery, Executor, v. Myers.

Where in an action against a drawer of a bill of exchange endorsed in blank, plaintiff sues as executor, proof of his being executor is unnecessary, though specially denied. *Per Curiam:* The bill being payable to bearer, whether the plaintiff chose to style himself executor, or to sue in his own name, was immaterial. The only effect of the allegation would be to estop him from denying it, and to bind him by any defence which the drawer could set up against the succession he pretended to represent.

APPEAL from the District Court of East Feliciana, *Johnson*, J. *Z. S. Lyons*, for the appellant. *Muse* and *Merrick*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought by *Montgomery*, styling himself executor of *Nott*, upon a bill of exchange drawn by the defendant to his own order, and by him endorsed in blank, upon, and accepted by *Bullitt, Shipp & Co.*, and duly protested at maturity for non-payment. The defendant, in his answer, denied specially the alleged capacity of *Montgomery*, as executor of *Nott;* the plaintiff did not prove such executorship; and upon this ground he was non-suited in the court below.

We think it was not necessary to enable the plaintiff to recover, that he should prove that allegation. If the note had been specially endorsed to *Nott*, such proof might have been necessary; but here the bill was endorsed in blank, and became thereby payable to bearer; and whether the bearer chose to style himself executor of *Nott*, or to sue in his own name, was immaterial. The only effect of this allegation was that, if the defendant could prove the existence of a valid defence as against *Nott* or his succession, the plaintiff would have been estopped by his own assertion that he represented *Nott's* succession, and bound by such defence.

As to the merits, the record presents a case so confused and anomalous, that it is very difficult to apply to it the familiar principles which govern contracts of this nature. Each party claims a final judgment in his favor. The court is unanimous, that the defendant is not entitled to judgment in his favor. He speaks vaguely in his answer and brief of an equitable defence, growing out of a certain shipment of cotton to the drawees, but has utterly failed to establish any defence of that kind. He has rested his cause upon the omission of the plaintiff to answer certain interrogatories, which, being taken as confessed, show a state of facts which is partially contradicted by other evidence in the cause.

There is a difference of opinion with the court as to the right of plaintiff to final judgment in his favor; and, under the circumstances, we have concluded to remand the case for a new trial, with leave to the plaintiff to answer the interrogatories propounded.

It is therefore decreed that the judgment of the court below be reversed, and the order *pro confesso* be set aside, and that this cause be remanded for a new trial and for further proceedings according to law, with leave to the plaintiff to answer the interrogatories propounded by the defendant; the costs of this appeal to be paid by the defendants.